# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No. 3:14–cv–47-GCM

| | |
|---|---|
| GEORGIA FERRELL, as Administratrix of the Estate of JONATHAN A.P. FERRELL (Deceased),<br><br>                              Plaintiff,<br><br>vs.<br><br>CITY OF CHARLOTTE, COUNTY OF MECKLENBURG, RANDALL W. KERRICK, both individually and in his official capacity as a law enforcement officer with the Charlotte-Mecklenburg Police Department, and RODNEY A. MONROE, in his official capacity as a law enforcement officer with the Charlotte-Mecklenburg Police Department,<br><br>                            Defendants. | **PROTECTIVE ORDER** |

**THIS MATTER** is before the Court on Defendants' Motion to Stay (Doc. No. 4), Plaintiff's Response (Doc. No. 10), and Defendants' Reply (Doc. No. 14). After hearing argument from all parties, the Court entered the following order:

1. All civil proceedings in Case No. 3:14-cv-47 of Defendant Randall Kerrick are stayed until further order of this Court.

2. All civil proceedings as to Defendants City of Charlotte, Chief Rodney Monroe and County of Mecklenburg are stayed for sixty days subject to the conditions set forth below.

3. Defendant City shall produce a copy of the dash cam video of the incident that occurred on September 14, 2013.

4. Defendant City shall produce a copy of the investigative interviews of Officer Thornell Little and Officer Adam Neal that were conducted by the Charlotte – Mecklenburg Police Department concerning the incident that occurred on September 14, 2013.

5. The copies of the interviews provided by the City shall be used for no other purpose other than the prosecution or defense of the litigation in this action.

6. Access to and the use of the dash cam video and copies of the interviews provided by the City shall further be limited to the following qualified persons/entities:

a. The parties and attorneys of record for the parties and their staff; insurers, their agents and employees;

b. A deponent in the action (during or in preparation thereof) when the confidential materials are materially related to the questions asked to or testimony of such deponent;

c. Mediators;

d. Consultants and technical experts involved in the preparation of this action;

e. Court reporters, their transcribers, assistants and employees;

f.   Any potential or actual deposition or trial witness to the extent that it is necessary to tender such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in the court action;

g.   The jury and trier of fact; and

h.   Any judge presiding over any hearing or trial of this action and his/her assistants and employees.

7.   In addition, the above individuals and entities are hereby ordered not to discuss, show, convey or reproduce any documents or materials so designated, or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual or to any entity that would not otherwise have access to said documents and materials under the provisions of this Protective Order.

8.   Counsel may make copies of the documents and materials provided pursuant to this order for Plaintiff's or Defendants' experts, consultants, or deponents upon receiving from said persons *a written agreement* that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff's or Defendants' experts, consultants or deponents read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff's and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts, consultants and deponents submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

9.   All information derived from the documents or materials contained in the Charlotte-Mecklenburg Police Department's investigative file shall be used solely in the

prosecution or defense of litigation and shall not be used or disclosed by any person for any other purpose, except as provided herein.

10. Counsel for the parties are responsible for notifying any person who is provided any information derived from the documents or materials contained in Charlotte-Mecklenburg Police Department's investigative file about the terms of this Protective Order. Counsel shall keep a written record of all persons to whom disclosures.

11. Each person who receives any documents, materials or information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

12. This Protective Order shall not prevent any party from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court.

13. The dash cam video and statements of officers Thornell Little and Adam Neal shall be produced to Plaintiff within 10 days from the entry of this order.

14. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation.

15. Plaintiff shall be permitted to take the depositions of officers Thornell Little and Adam Neal during the next 60 days.

16. All parties have reviewed and have consented to this Order.

**SO ORDERED.**

Signed: May 20, 2014

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge