IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14CV47

| | |
|---|---|
| GEORGIA FERRELL, as Administratrix of ) <br> The Estate of JONATHAN A.P. FERRELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> CITY OF CHARLOTTE, et al., ) <br> ) <br> Defendants. ) <br> _____) | ORDER |

This matter is before the Court upon the Defendant City of Charlotte's Motion for Final Disposition of this Court's Protective Order issued on May 20, 2014. In this Order, the Court stated that "[a]ll information derived from the documents or material contained in the Charlotte-Mecklenburg Police Department's investigative file shall be used solely in the prosecution and defense of litigation and shall not be used or disclosed by any person for any other purpose except as provided herein." (Doc. No. 20, p.3-4, ¶ 9). In addition, the Court ordered that "The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of the litigation." (Doc. No. 20, p.4, ¶ 14).

The litigation in this case is now complete. A stipulation of dismissal with prejudice against all Defendants in this case was filed on May 21, 2015. Furthermore, all criminal proceedings against criminal defendant Kerrick have concluded. The City seeks an Order directing the Plaintiff to return all materials provided by the City pursuant to discovery requests that remain property of the City and are not public records, including: the criminal investigation into the shooting death of Jonathan Ferrell; the internal personnel investigation of Officer

Randall Kerrick's decision to use lethal force against Jonathan Ferrell; the internal personnel records, including the training records of Officers Kerrick, Little, and Neal; and miscellaneous personnel documents related to use of force reports and previous officer involved shootings. The City also requests that all transcripts and exhibits, except contents that are personnel information, be unsealed and available for release pursuant to state statutory schemes. The City argues that since all actions related to the death of Jonathan Ferrell have concluded, no justification remains to maintain a seal on the depositions taken in this case or limit access to discovery materials in addition to the restrictions and requirements provided by state law.

N.C. Gen. Stat. § 132-1.4(a) provides that "records of criminal investigations conducted by public law enforcement agencies, records of criminal intelligence information compiled by public law enforcement agencies, and records of investigations conducted by the North Carolina Innocence Inquiry Commission, are not public records as defined by N.C. Gen. Stat. § 132-1." N.C. Gen. Stat. § 132-1.4(a) further provides that "records of criminal investigations conducted by public law enforcement agencies or records of criminal intelligence information may be released by order of a court of competent jurisdiction." Moreover, N.C. Gen. Stat. § 160A-168 (c), subject to specific exceptions, provides that "[a]ll information contained in a city employee's personnel file, other than the information made public by subsection (b) of this section, is confidential . . ." N.C. Gen. Stat. § 160A-168 (a) defines personnel information as "any information in any form gathered by the city with respect to that employee and, by way of illustration but not limitation, relating to his application, selection or nonselection, performance, promotions, demotions, transfers, suspension and other disciplinary actions, evaluation forms, leave, salary, and termination of employment."

The Plaintiff has objected to Defendant's motion in that Plaintiff seeks to retain all documents and material previously produced by Defendant in discovery. Plaintiff cites North Carolina State Bar Ethics Opinion RPC 209, which states that "a closed file must be retained for a minimum of six years after the conclusion of representation." The foundation for this opinion is based on the lawyer's fiduciary duty to safeguard the property of the client that is entrusted to the lawyer. The opinion neither addresses records provided by a third party to opposing council nor can the reasoning in the opinion be extended to apply to statutorily defined records that are confidential as a matter of law. There is no authority for the Plaintiff to retain these records (except for those records filed with the Court). The language set forth in N.C. Gen. Stat §160A-162 and §132-1.4(a) is clear: These records are confidential as a matter of law and can only be retained as set forth in the above-referenced statutes. Accordingly, these records must be returned to the Defendant City.

**IT IS THEREFORE ORDERED:**

1. That all discovery materials provided to the Plaintiff by the City, except those records that are public records as a matter of law or made public as a matter of law during the criminal trial of Officer Kerrick, be returned to the City. Said materials include all criminal investigatory records as defined by N.C. Gen. Stat. §132-1.4, all personnel records as defined by N.C. Gen. Stat. § 160A-168 and all training records of Officers Kerrick, Little and Neal;

2. That all copies of the above records including electronic copies in possession of Plaintiff's lawyers or any third party provided the above records by the Plaintiff be destroyed;

3. That the Plaintiff may retain any record that is a public record as defined by N.C. Gen. Stat. § 132-1;

4. That the City may now release records related to this case to third parties as provided by law or upon order of a court of competent jurisdiction; and

5. That the depositions taken in this case be unsealed and that the City may release transcripts of the depositions unless the transcript contains personnel information that is confidential as a matter of law as defined by N.C. Gen. Stat §160A-168.

Signed: October 15, 2015

Graham C. Mullen
United States District Judge